## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JENNY ANN VANCE, as Trustee for the Heirs and Next of Kin of DARREN ROBERT JAHNKE, | Case No. 20-CV-949 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ON RAMSEY COUNTY DEFENDANTS' MOTION TO DISMISS |
| COUNTY OF RAMSEY, MINNESOTA; RAMSEY COUNTY SHERIFF'S DEPUTY ANDRE RONGITSCH; RAMSEY COUNTY SHERIFF'S DEPUTY LISA DALY; RAMSEY COUNTY SHERIFF'S DEPUTY DOUGLAS HAIDER; and RAMSEY COUNTY SHERIFF'S DEPUTY SARA NAGLOSKY, | |
| Defendants. | |

---

Jenny Ann Vance, as trustee for the heirs and next of kin of her brother Darren Robert Jahnke, filed a *pro se* complaint against the County of Ramsey, Minnesota, and other related defendants (together, "Ramsey County Defendants"), for damages arising out of the fatal shooting of Jahnke by Ramsey County deputies. (ECF No. 1 ("Compl.").) The Ramsey County Defendants move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.)

## BACKGROUND

The Court draws the following background from the Complaint, accepting its factual allegations as true and drawing all reasonable inferences in Vance's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). In doing so, the Court disregards any conclusory allegations or legal conclusions. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Ramsey County deputies fatally shot Vance's brother Darren Robert Jahnke on April 16, 2017. (Compl. ¶ 2.) In March 2020, the Ramsey County District Court appointed Vance as trustee for the heirs and next of kin of Jahnke. (*Id.* ¶ 1.) On April 15, 2020, Vance filed this *pro se* Complaint "in her capacity as Trustee for the Heirs and Next of Kin of Darren Robert Jahnke," alleging that the Ramsey County Defendants violated Jahnke's constitutional rights when Ramsey County deputies killed him. (*Id.* at 1; *id., passim*.) The Complaint alleges several civil rights claims under 42 U.S.C. Section 1983, as well as a wrongful death claim under Minnesota Statutes Section 573.02. (*Id.* ¶¶ 48–72.)

The Ramsey County Defendants moved to dismiss the Complaint with prejudice based on Vance's *pro se* status. (ECF Nos. 8, 10 at 6.) Thereafter, United States Magistrate Judge Tony N. Leung referred Vance to the Federal Bar Association's *Pro Se* Project, a program that connects court-referred *pro se* individuals to volunteer lawyers. (ECF No. 15.) Vance moved for an extension of time in which to respond to the motion to dismiss, consult with the *Pro Se* Project, and obtain legal representation; Judge Leung

granted that motion.[1] (ECF Nos. 16, 17.) Vance's counsel then filed an appearance and a response to the motion to dismiss. (ECF Nos. 18, 20.) The Ramsey County Defendants filed their reply and the Court heard oral argument on the motion. (ECF Nos. 23, 27.)

## ANALYSIS

The Ramsey County Defendants move to dismiss the Complaint because Vance cannot represent her brother's estate as trustee of the heirs and next of kin *pro se*. (ECF No. 10 at 2–4.) Under Title 28, United States Code, Section 1654, "parties may plead and conduct their own cases personally or by counsel" in federal courts. 28 U.S.C. § 1654. Section 1654 subjects the pleading and conduct to the rules of the federal courts, and federal courts have "inherent power to oversee attorneys" who appear before them. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005) (citation omitted).

In *Jones*, the district court dismissed a Section 1983 lawsuit brought by the administrator of an estate because the administrator was not an attorney and was not the sole beneficiary or creditor of the estate. 401 F.3d at 951–52. The Eighth Circuit held that Section 1654 prohibits a non-attorney administrator of an estate from proceeding *pro se* when there are other beneficiaries or creditors of the estate. *Id.* at 952 (collecting cases).

---

[1] Magistrate Judge Leung later recused himself, and this case was reassigned to United States Magistrate Judge Hildy Bowbeer. (ECF No. 19.)

Under Section 1654, "such an administrator is not pleading and conducting his or her 'own case.'" *Id*. (citing 28 U.S.C. § 1654).[2]

The parties do not dispute that Vance was the court-appointed trustee of Jahnke's estate when she initiated this action, that she filed the complaint while proceeding *pro se*, or that the estate has other beneficiaries and creditors. (*E.g.*, ECF No. 11-1, Ex. 3 (identifying Jahnke's surviving heirs).) Vance contends that the motion should be denied as moot in part because she has since retained counsel. (ECF No. 20 at 2–3.) But in *Jones*, the district court appointed counsel to represent the estate, then granted the defendants' motion to dismiss, finding the complaint to be a nullity. 401 F.3d at 952. The Eighth Circuit affirmed, concluding that the *pro se* complaint was a defect that could not be amended. *Id.*; *see also Chase v. City of Earle, Ark.*, No. 3:09CV00167, 2010 WL 1658610, at *2 (E.D. Ark. Apr. 21, 2010) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. Moreover, a later appointed attorney cannot cure the complaint of its original defect.")

---

[2] *Pro se* parties are likewise prohibited from representing the interests of others in Minnesota state court:

> For the protection of the public, this court limits the practice of law to licensed attorneys. *E.g., Gardner v. Conway*, 234 Minn. 468, 477, 48 N.W.2d 788, 794 (1951). The legislature has also prohibited the unauthorized practice of law. Minn. Stat. § 481.02. Although a person who is not a licensed attorney may represent themselves in court, they may not represent others. Minn. Stat. § 481.02, subd. 1.

*In re Riebel*, 625 N.W.2d 480, 481 (Minn. 2001) (footnote omitted).

(citation omitted). The Court is required to follow *Jones*: the complaint is a nullity and must be dismissed.

Vance also maintains that the wrongful death claim is "her own." (ECF No. 20 at 7–8.) Minnesota's wrongful death statute provides that recovery "shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death." Minn. Stat. § 573.02, subd. 1. Minnesota courts "require[e] the commencement of a wrongful death action by a court-appointed trustee" under Section 573.02. *Ortiz v. Gavenda*, 590 N.W.2d 119, 123 (Minn. 1999). Vance contends that her appointment as trustee means that she represents the interests of all those with a wrongful death claim, including herself.

Vance misses the point. The Complaint provides that Vance is acting "in her capacity as Trustee for the Heirs and Next of Kin of Darren Robert Jahnke," (Compl. at 1), and Vance concedes that she is not Jahnke's only next of kin. (*See* ECF No. 20 at 7 (asserting that as next of kin, "they themselves" have suffered damages because of the Ramsey County Defendants' wrongful acts); ECF No. 11-1, Ex. 3 (Vance's trustee application identifying Jahnke's surviving heirs).) The Ramsey County Defendants do not contend that Vance lacks standing as a court-appointed trustee; rather, they maintain that, as trustee, she is not allowed to represent the interests of others because doing so would constitute the unauthorized practice of law. (ECF No. 10 at 5.) The Court agrees. As a non-attorney, Vance cannot represent the interests of the other next of kin because

doing so would constitute the unauthorized practice of law in federal court. *Jones*, 401 F.3d at 951–52.

The Ramsey Court Defendants seek dismissal with prejudice. In *Jones*, the Eighth Circuit noted that most district courts warn a party of the need for counsel before dismissal, or dismiss without prejudice, allowing the party to re-file with counsel. 401 F.3d at 952 (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004)); *see, e.g., Laibow v. Menashe*, Civ. No. 194549 (KM) (SCM), 2020 WL 91282, at *9 (D.N.J. Jan. 8, 2020) (dismissing complaint without prejudice because *pro se* plaintiff had not pled that she was the sole beneficiary of the estate and that there are no other creditors "because it is not futile to anticipate that this defect could be cured—if not by amendment of the complaint, then surely by retention of an attorney to represent the estate"); *Miles ex rel. Miles v. Estate of McBain*, No. 2:06-CV-00593-KJD-GWF, 2007 WL 9728675, at *3 (D. Nev. Jan. 19, 2007) (dismissing complaint without prejudice where special administrator of estate was proceeding *pro se* and was not the sole beneficiary/creditor of the estate). The Court finds that dismissal without prejudice is the better course in this case.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, the Ramsey County Defendants' motion to dismiss (ECF No. 8) is GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 21, 2020                    BY THE COURT:

                                            s/Nancy E. Brasel
                                            Nancy E. Brasel
                                            United States District Judge